■　LEO GARTENBERG et al., Appellants, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.— Order of the Appellate Term, First Department, entered on January 21, 1972, granting summary judgment to the defendant, reversed, on the law, and the order of Civil Court of the City of New York, New York County, entered on May 18, 1971, affirmed. Appellants shall recover of respondent $60 costs and disbursements of this appeal. CPLR 3018 (subd. [b]) denominates the defense of Statute of Limitations an affirmative defense. CPLR 3211 (subd. [e]) provides the defense is waived if not asserted by a motion or in the responsive pleading. Suit was begun on April 17, 1970. On October 13, 1970, plaintiff made a motion for preference. The motion was granted. The case was assigned to a Trial Part for December 8, 1970. On December 11, 1970, the present attorneys were substituted and made a motion to amend the answer to include the defense of Statute of Limitations. That motion was denied without prejudice. It was renewed on January 14, 1971. That motion was granted. The grant was not based on the merits of the proposed defense for the court stated: "This determination is not an evaluation of the merits of the proposed amended answer". Plaintiff was given leave to serve a reply. The amended answer was served February 18, 1971. A waiver is the intentional relinquishment of a known right. (*Sillman* v. *Twentieth Century-Fox,* 3 N Y 2d 395, 403.) Essentially it is a matter of intention. The record presents the question of fact whether the defendant with knowledge of the pertinent facts failed to avail itself of the short Statue of Limitations provided in its policy in accordance with the above provisions of the CPLR. Concur — Stevens, P. J., Markewich, Nunez and McNally, JJ.; McGivern, J., dissents in a memorandum, as follows: The basic fallacy of the majority opinion is that it ignores the standing validity of the order of Judge Oliver C. Sutton granting the defendant permission to include as an affirmative defense the one-

year limitation of suit as provided in the policy. The lawsuit itself was not instituted until 15 months after the written declination and denial of liability by the defendant, *and 17 months after the loss itself*. And the defendant, having received court sanction to set up the one-year bar, with equal propriety moved for summary judgment based on the contractual one-year Statute of Limitations. The effect of the majority ruling herein is to hold that there is a triable issue as to whether defendant waived its right to plead the Statute of Limitations as a defense. In granting the motion to permit amendment of the answer to include the defense of the Statute of Limitations, the Civil Court did state that "This determination is not an evaluation of the merits of the proposed amended answer". But, obviously, that observation referred to the merits of the defense of the Statute of Limitations and not to the privilege of defendant to interpose the defense. One of the matters that the Civil Court had, perforce, to decide on the motion for leave to amend was whether defendant had waived its right to plead that defense; and plaintiff did not appeal the ruling allowing the amendment. If we follow the majority's logic, whenever a court permits an amendment of an answer so as to set up the Statute of Limitations, or fraud, or release, or *res judicata*, etc., then a subsequent court may pass on the question of waiver as to the defense interposed. There is no precedent supporting such a proposition. Hence, on the present state of the record, there is no longer any issue as to the right to plead that defense. And, since the defense has been successfully pleaded, the provisions of CPLR 3211 (subd. [e]) have been complied with. No issue is raised, nor does the majority advert to any such possible issue, as to the merits of the Statute of Limitations defense. Since we are not called upon to review the Civil Court order permitting the amendment, nor does the record before us contain the papers upon the motion to amend, we are precluded from reviewing the discretion of the Civil Court in granting the amendment. Thus, I would affirm the order of the Appellate Term.